Sheridan MARTIN, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2007–SC–000095–KB.

Supreme Court of Kentucky.

Feb. 22, 2007.

Peter L. Ostermiller, Louisville, KY, for Movant.

Bruce K. Davis, Executive Director, Robbie Owen Clements, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, KY, for Respondent.

## OPINION AND ORDER

Movant, Sheridan Martin (KBA Member No. 84699), pursuant to SCR 3.480(2), moves this Court to enter an Order suspending his license to practice law in the Commonwealth of Kentucky for thirty (30) days subject to the conditions set forth below. Movant was admitted to the practice of law in May of 1993, and maintains a Bar Roster Address of P.O. Box 777, 5 Court Street, Allen, Kentucky 41601. The Kentucky Bar Association (KBA), in response to the Movant's Verified Motion for Consensual Discipline, states that it has no objection to the motion. For the foregoing reasons, the motion is granted.

The charge concerns the February 2001, legal representation solicitation by Movant of Girdle Moore and Gloria Salisbury, persons who were injured in a motor vehicle accident. On February 21, 2001, Mr. Moore was a passenger in a motor vehicle being driven by his daughter, Ms. Salisbury, when the parties were involved in the accident. Both sustained injuries, but Mr. Moore's injuries were more serious than those sustained by Ms. Salisbury. At the time of the accident, Mr. Moore and Ms. Salisbury were in their 80's and 60's respectively, and resided at the same address.

After the accident, Movant was advised that Mr. Moore and Ms. Salisbury were in different hospitals, and he went to the hospitals to meet separately with them. At the time of these meetings, Movant contends that he mistakenly believed that his contact with the two parties was appro-

priate. However, Movant now admits that his conduct was violative of the in-person solicitation provisions of SCR 3.130–7.9(1).

For a number of years before the February 2001, motor vehicle accident, members of the Movant's family, other than Movant, and the Moore/Salisbury families had socialized together. Movant understood that there was a very remote family connection between his family tree and the Moore/Salisbury family tree. That understanding of Movant was later supported by a State Farm Claims Adjuster, Kevin Mullins, who provided an affidavit to Movant in September 2001, when the issue of his solicitation of Mr. Moore and Ms. Salisbury was first raised by successor counsel. Mr. Mullins stated in his affidavit that Ms. Salisbury's son and live-in girlfriend had made some mention of the Moore/Salisbury family being related in some way to Movant.

After being retained by Mr. Moore and Ms. Salisbury, Movant made contact with the respective insurance companies, obtained necessary medical records and information, and took other action typically pursued in a personal injury claim on behalf of an injured client.

Later in 2001, after Movant had performed a significant amount of work on behalf of Mr. Moore and Ms. Salisbury, they retained different counsel to represent them concerning their personal injury claim and terminated Movant. The allegation that Movant had improperly solicited Mr. Moore and Ms. Salisbury as clients did not arise until after they retained new counsel. The issue of Movant's attorney's fee, and the defenses asserted against that claim, were litigated in the Floyd Circuit Court.

Eventually, an agreed resolution by way of an agreed order was reached in which the $7,272.20 attorney's fee was divided between Movant and the clients' successor counsel. Under the agreed disposition, Movant was allocated $2,800.00, with the balance going to the successor attorney. Movant had retained separate counsel to represent him in the Floyd Circuit Court proceeding concerning his fee. The recovery which Movant made pursuant to that agreed resolution was turned over and paid to his retained separate counsel as the fee for representing Movant in the matter. Movant did not personally recover and retain any fee regarding the personal injury claim.

SCR 3.130–7.09(1) provides that a lawyer may not directly, or indirectly through another person, solicit professional employment from a prospective client with whom the lawyer has no family or direct prior professional relationship. Movant acknowledges that his initial contacts with Mr. Moore and Ms. Salisbury were violative of this rule. Movant requests that this disciplinary proceeding be resolved on the following terms and conditions:

1. Thirty (30) day suspension from the practice of law to run concurrent with two suspensions already imposed by this Court in KBA File Nos. 7839 and 10898.

2. The monetary recovery made by Movant by agreed order in the civil suit concerning his attorney's fees, which was paid to his retained counsel in that civil suit, would not be subject to disgorgement pursuant to SCR 3.130–7.10.

After reviewing the facts and the relevant case law, the KBA submits that the appropriate discipline in this matter is a thirty (30) day suspension, to run concurrently with the two year suspension imposed by the Court in *Kentucky Bar Association v. Sheridan Martin,* 2006–SC–0353–KB, 205 S.W.3d 210, on November 22, 2006. This existing two year suspension arose from two other charges, and

those charges will require an evaluation by the Character and Fitness Committee as such time as Movant seeks reinstatement.

Having considered the record as a whole, and the recommendation of the KBA, the Verified Motion for Consensual Discipline is hereby GRANTED. Therefore it is ORDERED that:

1. Movant will be suspended for thirty (30) days from the practice of law, which will run concurrent with his prior two year suspension.

2. The monetary recovery made by Movant in the civil suit concerning his attorney's fees shall not be subject to disgorgement pursuant to SCR 3.130–7.10.

3. In accordance with SCR 3.150(1), Movant is directed to pay all costs associated with these proceedings in the amount of $14.17, for which execution may issue from this Court upon finality of this order.

All concur.

ENTERED: Feb. 22, 2007.

/s/ Joseph E. Lambert
    Chief Justice